UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION



FILED BY ___CWC___ D.C.

AUG 22 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

Case No: [To Be Assigned - Reference Original Case No. **2025-14188 CA 01**]

**Kashif Michael Lamar Cameron, et al.**

Plaintiffs,

v.

**Department of Technology, Federal Aviation Administration, Federal Communications Commission, et al.**

Defendants.

**PLAINTIFFS' CONSOLIDATED EMERGENCY MOTION TO:**

**(1) TRANSFER IMPROPERLY FILED STATE COURT MATTER INTO THIS FEDERAL COURT**

**(2) RECOGNIZE FILINGS NUNC PRO TUNC DUE TO GOVERNMENT MISDIRECTION**

**(3) INITIATE OVERSIGHT AND INVESTIGATORY REVIEW OF MIAMI DIVISION MISCONDUCT**

Herein this **consolidated motion** addressed to the **U.S. District Court, Southern District of Florida – Fort Lauderdale Division**, incorporating:

1. **Motion to Transfer Improperly Filed Case from State to Federal Court (28 U.S.C. § 1631 / § 1406)**
2. **Motion for Retroactive Filing Recognition (Nunc Pro Tunc)**
3. **Motion for Judicial Oversight / Misconduct Investigation Regarding Miami Division**

COMES NOW the Plaintiff, Kashif Michael Lamar Cameron, pro se, and respectfully moves this Honorable Court to:

1. Accept for filing and adjudication the Plaintiff's original filings currently and erroneously docketed in the **Miami-Dade County Circuit Court (Juan Fernandez-Barquin Courthouse)** under apparent misdirection from federal officials;
2. Recognize such filings **nunc pro tunc** (retroactively) as having been timely and properly submitted, based on extraordinary and improper misguidance by government agents and judicial staff, in violation of Plaintiff's due process rights;
3. Initiate an internal investigation and judicial oversight review into the conduct of officials and clerks within the **Miami Division** and **Miami-Dade County Court**, who, either through negligence or malfeasance, permitted this misfiling to occur and to persist despite federal jurisdiction being clear.

## I. BACKGROUND AND FACTUAL STATEMENT

1. Plaintiff attempted to file claims arising under federal law against federal agencies, including the Department of Technology, FAA, and FCC.
2. Plaintiff was explicitly **directed by federal personnel located at the Claude Pepper Federal Building** to file those claims with the Miami-Dade County Courthouse (Juan Fernandez-Barquin Building)—a state court with no subject matter jurisdiction over such claims.
3. The state court **accepted the filings without dissuasion or jurisdictional objection**, despite the clear federal nature of the claims, the federal status of the Defendants, and the relief sought under the U.S. Constitution and federal statutes.
4. Plaintiff made numerous in-person attempts to clarify jurisdiction and ensure filing integrity, including presenting federal claims, identity documents, and case materials.
5. These actions demonstrate an **extraordinary procedural failure** that has caused undue delay, increased exposure to identity theft, and denial of timely access to federal relief.

## II. LEGAL BASIS FOR RELIEF

### A. TRANSFER UNDER 28 U.S.C. § 1631 and § 1406(a)

When a civil action is filed in a court lacking jurisdiction, but the case could have been brought in another court, **the court shall transfer the action to the proper court if it is in the interest of justice.**

"The court shall, if it is in the interest of justice, transfer such action... to any other such court in which the action... could have been brought..." — **28 U.S.C. § 1631**

Plaintiff respectfully moves that this Court:

- **Accept the improperly filed matter from the Miami-Dade County Court;**
- **Direct that all filings made therein be transferred and docketed into this case**, with preservation of original submission dates.

### B. RECOGNITION OF FILINGS NUNC PRO TUNC

Under the Court's equitable authority, and to avoid manifest injustice, Plaintiff requests that this Court recognize the aforementioned filings **nunc pro tunc**—effectively treating them as filed in this federal forum as of their original filing date in Miami-Dade County Court.

Given that the misfiling resulted **directly from explicit instructions by federal agents** and was **ratified by local court officials**, this constitutes an "extraordinary circumstance" warranting equitable relief.

### C. OVERSIGHT REVIEW AND JUDICIAL MISCONDUCT INVESTIGATION REQUEST

Plaintiff further requests that this Court initiate:

- A formal review of the **Miami Division of the U.S. District Court** and/or **11th Judicial Circuit Court of Florida** to determine whether a pattern of misdirection, impersonation, and filing obstruction exists.
- An audit of communications and directives issued to the public regarding proper venue for federal civil claims.
- Surveillance review and access logs from the Juan Fernandez-Barquin Building to verify Plaintiff's repeated attempts at personal, verified filings and submissions.
- Referral to the U.S. Attorney's Office or the Judicial Council of the Eleventh Circuit if impropriety or collusion is found.

## III. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. **Accept transfer of all filings and materials currently located in the Miami-Dade County Circuit Court** relating to the Plaintiff's federal claims;
2. **Docket said filings nunc pro tunc** in this federal action and proceed without prejudice to the Plaintiff due to prior misdirection by government actors;

3. **Issue an Order of Judicial Oversight and Investigation** into the actions and directives of the Miami Division and Miami-Dade County Courthouse personnel;
4. **Grant any such other and further relief as the Court deems just, equitable, and necessary**, in the interest of justice, public trust, and protection of constitutional rights.

Respectfully submitted,

**Kashif Michael Lamar Cameron** Plaintiff,

Pro Se
Kashifcameron@outlook.com
Date: August 15, 2025

