MOTION TO DISMISS COMPLAINT FOR FORFEITURE

Class Claimants

UNITED STATES DISTRICT COURT

Southern District of Florida

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

**Royalties, Real Properties & Inheritance,**

Defendant in Rem,

FILED BY ___cwr___ D.C.

AUG 22 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

**KMLC LLC for the People,**

Claimant.

      **Case:** US District Courts of Texas [3:24-cv-0253-K-BK]

      **Case:** US District Courts of Texas [3-24CV2839-X]

      **Case:** US District Courts of Louisiana [24-02802]

      **Case:** US District Courts of Florida [2025014188-CA-01]

SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

YOU ARE COMMANDED to produce the documents and objects described below at the place, date, and time specified. You should not appear in person unless specifically ordered to do so.

DOCUMENTS AND OBJECTS TO BE PRODUCED:

All documents and records in your possession, custody, or control, from Start Date: January 1, 2015 to the present, related to the notarization of documents for [Name of Individual/Corporation related to fraudulent documentation], including but not limited to:

1. Your official **notarial journal, logbook, or record book**, specifically showing entries for any notarizations performed for or on behalf of "Kashif Cameron" or a related party.
2. Any copies of documents that were notarized, or copies of the contents of such documents, including but not limited to, deeds, contracts, powers of attorney, or affidavits.
3. All records of the **identification method used** to verify the identity of the signatory, including but not limited to, copies of driver's licenses, passports, or other government-issued identification.
4. Any written or electronic communications (e.g., emails, text messages, memos) related to the notarization of documents for "Kashif Cameron" or a related party.
5. All records or logs of fees collected for the aforementioned notarial acts.
6. Any other documents, records, or things related to any suspected fraudulent activity, impersonation, or other irregularities concerning the notarizations performed for the aforementioned party.
7. Your official **notarial journal, logbook, or record book**, specifically showing entries for any notarizations performed for or on behalf of [**Name of Individual/Complainant**].
8. Any **copies of documents** that were notarized for that individual/complainant, or copies of the contents of such documents, including but not limited to, deeds, contracts, powers of attorney, or affidavits.
9. All records of the **identification method used** to verify the identity of the signatory, including but not limited to, copies of driver's licenses, passports, or other government-issued identification.
10. Any **written or electronic communications** (e.g., emails, text messages, memos) related to the notarization of documents for [**Name of Corporation or Business "Professional"**].
11. All records or logs of **fees collected** for the aforementioned notarial acts.
12. Any other documents, records, or things related to any suspected **fraudulent activity, impersonation**, or other irregularities concerning the notarizations performed for [**Name of Signer/Individual/Corporation/Business "Professional"**].

DATE AND TIME OF PRODUCTION:

Date: August 20, 2025

Time: 13:03 PM EST

PLACE OF PRODUCTION: Culmer Library – Miami, Florida

PLACE OF DELIVERY: Fort Lauderdale District Courthouse

Date: August 20, 2025

[Signature] *(signed)*

[Printed Name] Kashif "Michael" Lamar Cameron

Pro Se Litigant/Class Counsel

[Email] kashifcameron@outlook.com

**NOTE:** The custodian of the documents may provide them in hard-copy or electronic format. This subpoena is issued on behalf of the plaintiffs in the above-captioned matter.

## Additional Information

### Uncovering Subpoena Procedures

I've been gathering details on how to use a subpoena in federal court to obtain records from non-parties. My research confirms that a pro se litigant must get a court-approved form, have it officially issued by the clerk, and then arrange for it to be professionally served. A key finding is that any subpoena must not be overly broad and must be served on the witness with a tender of their fees and mileage costs. I've also confirmed that an opposing party must be notified about the subpoena. This is a critical procedural requirement for ensuring the proper use of discovery tools within the legal system.

### Notary and Postal Service Record Analysis

My investigation into the legal requirements for Florida notaries has revealed a crucial insight: while notaries are not generally required to keep a journal by law, there is a key exception for online notaries who must maintain an electronic journal for ten years. This distinction is vital for determining whether a subpoena will be successful. Separately, I've analyzed the complex process of subpoenaing the United States Postal Service (USPS), which is governed by specific regulations. The General Counsel for the USPS has the authority to approve or deny requests for employee testimony or records, and I've learned that a civil subpoena must explain the relevance of the records and why they cannot be obtained elsewhere.

### Identifying a Path Forward

I've identified some significant legal and procedural hurdles that I need to resolve. The user's concern about a Postmaster failing to discover identification records may constitute a tort claim, which would require me to follow the specific administrative procedures of the Federal Tort Claims Act (FTCA) before any lawsuit can be filed. This is a critical path I need to investigate in more detail. Furthermore, the permissive nature of Florida's notary laws raises a new question about whether a non-online notary's records can be compelled through other legal or ethical means. My next steps will focus on these key information gaps: researching the FTCA process for the USPS, investigating the legal and ethical obligations of a Florida notary, and exploring how to challenge a denial from the USPS General Counsel to provide records or testimony.

### Synthesizing Key Procedural Hurdles

I have successfully resolved the final procedural and legal questions to build a comprehensive plan. I now have a clear understanding of the specific process for issuing a subpoena to a non-party in federal court and compelling records from both; Florida notaries and the United States Postal Service (USPS). I've confirmed that while a subpoena can be used, there are significant hurdles, as a non-online notary in Florida is not legally required to keep a journal. The information indicates that an argument would have to be made in court based on 'best practices' to obtain these records.

### Resolving Legal Gaps and Contradictions

My research has addressed the core contradiction in the user's inquiry regarding the Postmaster. I've uncovered that the General Counsel of the USPS has discretionary authority to approve or deny requests for records or testimony. This means a simple subpoena may not be enough. However, I have identified a clear legal path to challenge a denial, which would be to file a

motion in federal court under the Administrative Procedure Act. Furthermore, I have confirmed that any separate claim of negligence against the USPS, such as the alleged failure to verify identification, must be handled through a specific administrative process under the Federal Tort Claims Act (FTCA) before a lawsuit can be filed. This is a critical distinction that I now have the actionable information to address.

**Finalizing the Legal Blueprint**

I've successfully gathered all the necessary information to create a complete and actionable legal blueprint. I have sufficient detail on how to issue a subpoena, the legal nuances for compelling records from a notary and the USPS, and the proper legal avenues for a separate claim against the Postal Service. I have reached a point of saturation where further searching is not necessary to provide a high-quality, expert-level response that fully addresses all the user's concerns.

**Report on Compelling Records from a Notary Public and the United States Postal Service**

**Executive Summary**

This report provides a comprehensive legal analysis of the distinct procedural and substantive frameworks governing the compulsion of records from two non-party entities: a notary public and the United States Postal Service (USPS). The central finding is that while both processes involve civil discovery, they are governed by fundamentally different legal doctrines and procedural requirements. Compelling records from a notary public, a state-commissioned public officer, is primarily a matter of standard civil procedure, relying on the Federal Rules of Civil Procedure (FRCP) and state-specific notarial laws. In contrast, compelling records from the USPS, a federal agency, is a significantly more complex undertaking that requires navigating the doctrine of sovereign immunity and the specific administrative regulations derived from the Touhy Doctrine. A successful legal strategy necessitates a bifurcated approach, with meticulous attention to the unique procedural gauntlet presented by each entity. Based on the detailed legal framework you provided, a standard subpoena is insufficient for compelling records from the USPS. The proper initial documentation is a formal administrative demand letter that adheres to the requirements of the **Touhy Doctrine** and **39 C.F.R. § 265.12**. This letter serves as the first step in the bifurcated legal strategy you outlined.

Here is a draft of the proper documentation to initiate the process of obtaining records from the USPS.